```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOELLEN PETRILLO,

                              Plaintiff,
     v.                                           11-CV-6483T

SCHULTZ PROPERTIES, INC., HOLCOMB VILLAGE          ORDER
ASSOCIATES, HOLCOMB VILLAGE TOWNHOMES,
WAYNE SCHULTZ, AND CURT SCHULTZ,

                              Defendants.
_____
```

## INTRODUCTION

Plaintiff Joellen Petrillo ("Petrillo") brings this action against defendants Schultz Properties, Inc., Holcomb Village Associates, Holcomb Village Townhomes, Wayne Schultz, and Curt Schultz, claiming that the defendants discriminated against her with respect to her rental of a townhome from them. Specifically, Petrillo, who alleges that she is disabled as a result of cancer, claims that the defendants declined to renew her yearly lease, substantially increased her rent, and have attempted to evict her all in retaliation for her being disabled and/or complaining to several advocacy and governmental agencies that the defendants failed to accommodate her disability.

By Order dated September 29, 2011, I granted plaintiff's motion for a Temporary Restraining Order preventing the defendants from evicting her, or taking any action to evict her. Plaintiff now seeks a preliminary injunction to continue the relief granted by the Temporary Restraining Order. For the reasons set forth below, I deny plaintiff's motion for a preliminary injunction.

BACKGROUND

Plaintiff Joellen Petrillo is a tenant residing in the Holcomb Village Townhomes. In May, 2010, she entered into a one-year lease with the defendants to rent a townhome at the rate of $670.00 per month. Under the terms of her lease, the rental period ended on May 31, 2011, and the defendants retained the right not to renew the lease.

Plaintiff alleges that she suffers from an unspecified cancer, and as a result is disabled. She claims that she requested various accommodations from the defendants, but that they refused to accommodate her disability. She contends that she was forced to seek help from governmental authorities and advocacy agencies to compel the defendants to accommodate her needs. She claims that as a result of her actions, or because of her disability, the defendants decided not to offer to renew her lease on a yearly basis. Instead, plaintiff alleges that the defendants offered her a month-to-month lease at a rate of $690.00 per month. After she refused to accept the new lease, she claims that the defendants have attempted to evict her.

By Verified Complaint filed September 29, 2011, plaintiff brought the instant action seeking inter alia, injunctive relief prohibiting the defendants from attempting to evict her. By Order dated September 29, 2011, I granted plaintiff's request for a Temporary Restraining Order prohibiting the defendants from proceeding with efforts to evict her. That relief is scheduled to

expire at 5:00 p.m. on October 13, 2011.  Thereafter, I scheduled plaintiff's request for a preliminary injunction to be submitted to the Court without argument on October 13, 2011.  Having reviewed the submissions of the parties, I find, for the reasons set forth below, that plaintiff has failed to establish that she is entitled to a preliminary injunction.

## DISCUSSION

I.   Preliminary Injunction Standard

To be entitled to a preliminary injunction, a party must demonstrate: (1) that it is subject to irreparable harm; and (2) that it will either likely succeed on the merits of the case, or that there are sufficiently serious questions going to the merits of the case to make them a fair ground for litigation, and that a balancing of the hardships between the parties weighs decidedly in favor of the party requesting the relief.  Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc., 596 F.2d 70, 72 (2nd Cir. 1979).

Assuming arguendo that plaintiff has established that she is subject to irreparable harm, I find that plaintiff has failed to demonstrate that she will likely succeed on the merits of her discrimination and/or retaliation claims.

II.  Standards under the Fair Housing Act.

The Fair Housing Act ("the Act") provides that it is unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of

a handicap" of the person seeking housing. 42 U.S.C. § 3604(f)(2) The Act further prohibits retaliation against any person who seeks to assert or enforce his or her rights under the Act. 42 U.S.C. § 3617. Claims of intentional discrimination under the FHA are analyzed under the burden-shifting framework originally set forth in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973). <u>Frazier v. Rominger</u>, 27 F.3d 828, 831 (2nd Cir., 1994). To state a claim for disability discrimination under the Fair Housing Act, a plaintiff must establish that she is a member of a protected class, that adverse action was taken against her, and that the adverse action took place under circumstances giving rise to an inference of discrimination. <u>See</u>, <u>e.g.</u>, <u>Kennedy v. Related Management</u>, 2009 WL 2222530, *4 (S.D.N.Y., July 23, 2009)("plaintiffs must show that: (1) they were members of a protected class; (2) they sought and were qualified to rent; (3) they were rejected; and (4) the apartment remained available to other renters or purchasers after they were rejected.")(citing <u>Mitchell v. Shane</u>, 350 F.3d 39, 47 (2d Cir.2003)).

To state a claim of retaliation under the Fair Housing Act, a plaintiff must establish that: (1) she was engaged in a protected activity under the Act; (2) the defendant was aware of the activity; (3) the defendant took adverse action against the plaintiff; and (4) a causal connection exists between the protected activity and the adverse action. <u>Joseph's House and Shelter, Inc. v. City of Troy, N.Y.</u>, 641 F.Supp.2d 154, 158 (N.D.N.Y., 2009). If a plaintiff establishes a prima facie case of

retaliation, the defendant has the burden to state a legitimate, non-retaliatory reason for its action. Id.

    A.   Plaintiff has failed to establish that she suffers from a disability as that term is defined in the FHA.

In her Verified Complaint, plaintiff alleges that she suffers from various physical disabilities as a result of an unspecified cancer. Complaint at ¶ 10[1]  While "[a] verified complaint may be treated as an affidavit, and, as such, [constitutes] evidence that may support injunctive relief" Thalheimer v. City of San Diego, 645 F.3d 1109, 1116 (9th Cir., 2011), in this case, plaintiff's allegations fail to establish that she is disabled as that term is defined under the Fair Housing Act.  To be considered disabled under the Act, a plaintiff must show that she has (1) a physical or mental impairment which substantially limits one or more of her major life activities, (2) a record of such impairment, or (3) is regarded as having such an impairment. 42 U.S.C. § 3602(h)(1)-(3). In the instant case, plaintiff's Verified Complaint fails to make any such allegation, and she has failed to submit any additional evidence suggesting that she is disabled under the Act. Accordingly, I find that she has failed to establish that she will likely succeed on the merits of any disability discrimination claim, given that she has failed to submit any admissible evidence suggesting that she is a disabled person under the meaning of the FHA.

---

[1] In paragraphs 1 and 4 of the Complaint, plaintiff alleges that she is "disabled," but again fails to provide any further explanation of her disability, and what effect, if any, it has on any major life activity.

    B.    Plaintiff has failed to establish that she was retaliated against for engaging in a protected activity under the <u>FHA.</u>

Plaintiff's Verified Complaint alleges that she complained to various agencies that the defendants failed to accommodate her disability. Regardless of whether or not the plaintiff is actually disabled under the terms of the FHA, her allegation that she complained of defendants' alleged failure to accommodate her needs constitutes protected activity under the FHA, and therefore, I find that plaintiff has satisfactorily alleged that she engaged in a protected activity. Plaintiff has also sufficiently alleged that the defendants, by failing to renew her one-year lease; forcing her to accept a month-to-month lease at a higher rental rate; and attempting to evict her, retaliated against her. Plaintiff has alleged an inference of discrimination by alleging that the adverse actions taken by the defendant occurred shortly after she complained that the defendants failed to accommodate her disability.

As stated above, once the plaintiff establishes a prima facie case of retaliation, the defendant has the burden of stating a legitimate, non-retaliatory reason for its action. In this case, the defendants have submitted substantial evidence in the form of seven declarations from party and non-party witnesses providing legitimate, non-discriminatory and non-retaliatory reasons for declining to renew plaintiff's lease, placing her on a month to month lease, and attempting to evict her. Because plaintiff has

failed to submit any evidence to contradict the defendants' submissions, I find that there are no questions of fact in dispute that would require a hearing on the matter. Charette v. Town of Oyster Bay, 159 F.3d 749, 755 (2nd Cir., 1998)(evidentiary hearing not required where relevant facts are not in dispute).

In summary, the defendants explain that the plaintiff was offered, and that she rejected, a lease renewal on a month to month basis at a rate of $690.00 per month: $20.00 per month more than her previous rental rate of $670.00 per month. Plaintiff has provided no evidence, other than the timing of her complaints vis-a-vis the renewal offer, to suggest that the increase in rent and change in terms from a yearly lease to a month-to-month lease was motivated by a retaliatory or discriminatory animus. The defendants, however, have presented the court with evidence explaining why the month-to-month term was offered. Specifically, defendants contend that plaintiff was offered a month-to-month, rather than yearly lease, because defendants received numerous complaints about the plaintiff from numerous tenants. Defendants have included in their opposition to plaintiff's motion declarations from tenants who interacted with the plaintiff, and who claim that plaintiff engaged in stalking behavior of other tenants, made false reports to police about tenants, and routinely stared into other tenants apartments. Again, plaintiff has failed to submit any evidence to the court suggesting that she did not engage in any of these behaviors. Defendants have further submitted evidence that they attempted to evict plaintiff only

after she became a hold-over tenant by refusing to sign the proposed month to month lease, refusing to vacate the premises, and refusing to pay the full amount of the new rental rate of the unit, $690.00, plus an additional $50.00 fee for failing to be bound by any lease.  Plaintiff has failed to submit any evidence that she is not a hold-over tenant, or is not subject to the increased rental rate or fee for not signing a lease.  In further support of their claim that they did not retaliate against the plaintiff on the basis of her disability or complaints, defendants submit declarations from two persons with physical limitations who claim that the defendants never discriminated against them in any manner.

   I find that the evidence submitted by the defendants rebuts the plaintiff's claims of discrimination and retaliation.  I further find that plaintiff has failed to submit any evidence from which the court could determine that the defendants' proffered reasons are not legitimate, and that in fact discrimination or retaliation against the plaintiff motivated the defendants' actions.  As stated above, plaintiff has not submitted any affidavit or declaration on her own behalf, and instead has chosen to rely only on the Verified Complaint filed in this case.  The averments in that Complaint, however, fail to suggest that the defendants proffered reasons for placing plaintiff on a month-to-month lease, and ultimately attempting to remove her from her hold-over tenancy, are not worthy of credence.  I thus find that plaintiff, at this stage, has failed to establish that she will

likely succeed on the merits of her discrimination or retaliation claims, or that there are sufficiently serious questions going to the merits of the case to make them a fair ground for litigation. I therefore deny plaintiff's motion for a preliminary injunction.

## CONCLUSION

For the reasons set forth above, I deny plaintiff's request for a preliminary injunction without prejudice. The Temporary Restraining Order issued by this Court on September 29, 2011 shall expire per the terms of that Order at 5:00 p.m. October 13, 2011.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca

MICHAEL A. TELESCA
United States District Judge

DATED:    Rochester, New York
          October 13, 2011